## Strong's Executor *versus* Bass *et al.*

The attachment of a legacy in the hands of an executor, transfers the right to receive it to the attaching creditor, subject to the rights of the garnishee. If the legatee be indebted to the estate of the testator to an amount exceeding the legacy given to him, the executor has the same right to set off such indebtedness against the attaching creditor, as he would have had against the legatee.

The giving of a legacy to a debtor is not an extinguishment of the debt, and the latter may be set off by the executor against the legacy.

ERROR to the Common Pleas of *Bradford county.*

This was a foreign attachment by Clark, Bass & Dibble against Belden B. Strong, in which Daniel B. Strong, executor of John Strong, deceased, was summoned as garnishee. And judgment having been obtained against the original defendant for $403.66 and costs, a *scire facias* was issued against the garnishee, to which he pleaded *nulla bona.*

John Strong, by his will, bequeathed a legacy of $1000 to Belden B. Strong, who was indebted to the testator, by promissory note, in the sum of $1180.92.

On the trial, the garnishee offered to prove that after the service of the attachment on him, and before Belden had notice of it, he settled his legacy with the executor, by setting it off against his indebtedness to the estate of the testator. The court below ruled out this evidence, and the defendant excepted.

The court below (WILMOT, P. J.), in answer to a point presented by the plaintiffs' counsel, charged the jury that the will of John Strong gave to Belden B. Strong a legacy of $1000, which he was entitled to recover of the executor, without deduction of the amount of the notes which were in his father's hands; and that the plaintiffs having attached that legacy, were entitled to recover the amount of their debt.

To this charge the garnishee excepted; and a verdict and judgment having been rendered for the plaintiffs for $501.22, he removed the cause to this court, and here assigned for error: 1. The rejection of the evidence offered on the trial: 2. The charge of the court below.

*Mercur*, for the plaintiff in error.—Where a creditor leaves a legacy to his debtor, that fact is not, of itself, any evidence of an intention to release the debt: 2 *Story's Eq. Jur.* § 1122–3; Clarke v. Bogardus, 12 *Wend.* 67; Zeigler v. Eckert, 6 *Barr* 13; *Ward on Legacies* 318. In an action for the legacy, the executor may set off the indebtedness of the legatee: Romig v. Erdman, 5 *Wh.* 112; Carmalt v. Post, 8 *Watts* 406.

[Strong's Executor *v.* Bass *et al.*]

*Elwell*, for the defendant in error, cited Beltzhoover *v.* Costen, 7 *Barr* 16; Zeigler *v.* Eckert, 6 *Id.* 19; 2 *Roper on Legacies*, ch. 17, §§ 9, 28; Hunter's Estate, 6 *Barr* 107.

The opinion of the court below was delivered by

LOWRIE, C. J.—The attachment of this legacy does not alter the *quantity* of the rights and duties of the parties in relation to it; but only transfers to the plaintiffs the responsibility which before was due to the legatee. No essential element of the relation between the executor and the legatee is affected by the proceeding; it merely substitutes the legatee's creditor instead of the legatee himself. If, therefore, the executor had a right of set-off against the legatee, he retains it against his substituted creditor. If, for any reason, the legatee could not enforce payment of the legacy without first or simultaneously performing some other duty to the estate, his attaching creditor can reach the legacy only on the same conditions. It is the right and the relations, as they exist at the time of the attachment, that are transferred, and these cannot be changed by the original parties, after the attachment. This shows that the exception to the evidence rejected cannot be sustained.

Now we cannot doubt that the fact that the legatee is a debtor of the estate to an amount exceeding his legacy, is a complete bar to any recovery of the legacy. And we cannot possibly presume that the testator meant, by his legacy of $1000, to give more than double that amount. We should go far beyond the province of interpretation, if we make a legacy good for its amount, and also good for the extinguishment of any amount of debt besides. Before we can add this last, we must have some substantial basis in the will to found it on, by way of interpretation. Here we have nothing. The charge of the court is therefore erroneous.

Judgment reversed, and a new trial awarded.