## Maurer *versus* Kerper.

1. While an attachment execution will lie against an executor to attach the defendant's interest in a legacy or distributive share before settlement of the decedent's estate, yet where the amount of such interest can only be ascertained upon the settlement of the decedent's estate, the Common Pleas cannot determine the same, the jurisdiction of the Orphans' Court therein being exclusive.

2. In such case it is error for the Common Pleas to enter judgment for a sum certain against the garnishee de bonis propriis. The judgment should be against the executor, qua executor, for the amount of the plaintiff's judgment, to be levied of the interest of the defendant in the personal estate of the decedent.

February 28th 1883.  Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Error to Court of Common Pleas of *Berks county:* Of January Term 1883, No. 13.

Attachment execution, by Henry H. Maurer against Daniel Kerper, defendant, and Henry Kerper, individually, and as executor of Abraham Kerper, deceased, garnishee.  Plea, nulla bona.

The attachment execution issued upon the exemplification of a judgment, obtained by the plaintiff against Daniel Kerper, in the Court of Common Pleas of Philadelphia county, to attach the defendant's interest in a fund alleged to be due by the garnishee to the children of Abraham Kerper, deceased, of whom said Daniel Kerper, defendant, was one.

On the trial, after the testimony was closed, it was agreed by the parties that the notes of testimony, together with a statement showing the amount of personal property and necessary expenditures, in the estate of Abraham Kerper, deceased, &c., should be accepted as the evidence in the case, and that the cause be referred to the court (Hagenman, P. J.), under the provisions of the Act of April 22, 1874.  The court found the facts to be, inter alia, as follows :

On April 1st 1870, Abraham Kerper and Elizabeth his wife conveyed certain real estate to their son Henry Kerper (the garnishee in this proceeding), for the consideration of $18,000,

[Maurer v. Kerper.]

payment of which was provided for by the following clause in the deed, viz: "subject nevertheless to the payment of $18,000, the interest of the same to be paid yearly and every year to Abraham Kerper and Elizabeth his wife or to the survivor of them during their lives, and after their death, the same to be divided amongst the children of Abraham Kerper, share and share alike, Henry to have his share of the same." On the date of the deed Henry Kerper gave to Abraham Kerper a due-bill for $18,000 "for lot of ground purchased from him this day, payable whenever demanded by him or his heirs, with lawful six per cent. interest from date." Henry Kerper took possession of the property and paid the interest annually on $18,000 to Abraham Kerper during his life, and after his death to Elizabeth Kerper, up to the time of her death in 1879.

After the above conveyance, it was discovered that the said premises were subject to certain mortgages previously given by Abraham and Elizabeth Kerper, aggregating $13,500. It was admitted that the $18,000 was a full consideration for the premises, clear of incumbrance, and that the purchase was not made subject to any mortgages or liens.

Abraham Kerper died in 1872, leaving eight children, having by his will, dated in 1854, devised and bequeathed all his estate real and personal to his wife, Elizabeth Kerper, and he appointed his wife and his son Henry Kerper, executors of his will.

Henry Kerper had not filed an account as executor of Abraham Kerper, deceased, but it appeared by the statement agreed upon, and the court so found, that Abraham Kerper died possessed of personal estate of the value of $2,030.30 ; that the funeral and other necessary expenses were $515.24, leaving as the balance of the personalty $1,515.06.

The real estate conveyed to Henry Kerper as aforesaid was sold at sheriff's sale in 1880, under one of said mortgages; it was claimed by the plaintiff that he was accountable for the surplus of the proceeds of sale after payment of the lien, but the court held that his liability as to that was a matter to be first settled in his administration account in the Orphans' Court, and could not be determined in this case.

The court held as matter of law, inter alia, that the deed of April 1st 1870, from Abraham Kerper and wife vested in Henry Kerper the said premises ; that he was entitled to a deduction from the consideration of the amount of said mortgages, $13,500, less the balance of Abraham Kerper's personal estate $1,515.06, viz. $11,984.94, which, deducted from the consideration of $18,000, left $6,015.06 for distribution ; that one of the sons being indebted to his father's estate in a sum greater than his share, the said balance of $6,015.06 should be divided into

[Maurer *v.* Kerper.]

seven parts, thus making Daniel Kerper's share $859.29, from which was to be deducted a credit of $130 paid him by Henry Kerper prior to the attachment execution, and to be added, interest from the death of Elizabeth Kerper; the result being $849.60, as the sum due by Henry Kerper to Daniel Kerper and subject to this attachment execution.

The court therefore entered judgment for the plaintiff against Henry Kerper for $849.60 with costs of suit.

The plaintiff took this writ of error, assigning for error, inter alia, the decision of the court, that Henry Kerper was entitled to a deduction from said consideration money of $18,000, for the said mortgages which existed on the property at the date of the conveyance.

*Wm. H. Livingood*, for the plaintiff in error.

*Wm. P. Bard*, for the defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court, April 16th 1883.

This execution attachment was issued against Henry Kerper, garnishee, in his own right, and as executor of Abraham Kerper, deceased. The garnishee for himself and as executor, pleaded nulla bona; and judgment was entered against him de bonis propriis for $849.60. It may be inferred from the opinion of the court that the intention was to render judgment against the garnishee, collectible only out of the interest of the defendant in the estate of the decedent; but the garnishee is absolutely fixed for the amount, to be paid by himself as his own debt. However, he appears satisfied to suffer it to stand, probably feeling confident that it is not for too large a sum and that his brother would receipt the same to apply on his distributive share. But the plaintiff desires the full benefit of the attachment, which he could not have should the distributive share prove larger than the judgment.

Questions involving the construction of the decedent's will, the fund out of which certain mortgages given by Abraham Kerper should be paid, and whether the executor should be charged with certain money, arising from a sheriff's sale, are raised by the assignments of error, and the plaintiff avers that if these were properly considered, he would recover the greater part, if not all, of his judgment out of the defendant's interest in the estate. He has a right to an inquiry to ascertain the amount of that interest, but in the Orphans' Court. That court has exclusive jurisdiction of the settlement of the accounts of executors and administrators, and distributing the assets to the parties entitled. In an attachment proceeding it may be determined how much money is due to the plaintiff from an heir, legatee or distributee, for the attachment has the effect of

[Maurer *v.* Kerper.]

transferring the rights of the legatee or distributee to the creditor so far as necessary for satisfaction of the debt.

An execution attachment will lie against a legacy or distributive share before settlement of the decedent's estate, and the court may mould the judgment against the executor or administrator into such form as will do no injustice to any one. Where there are ample funds to pay a legacy after discharge of all debts owing by the estate, and the amount of the legacy is apparent, there is no difficulty in satisfying an attaching creditor, so far as the amount of the bequest extends. In such case it is error to enter judgment de bonis propriis against the garnishee: Lorenz's Adm'r *v.* King, 38 Pa. St. 93. But where the amount of the legacy or distributive share can only be determined by a settlement of the estate, the court of common pleas will not determine what goods or effects are in the hands of the executor or administrator: Bouslough *v.* Bouslough, 68 Pa. St. 495. In that case it was said, "There are the demands of the creditors of the decedent himself, which must be ascertained and be satisfied before anything can remain for the legatees or next of kin. Then there are the questions of debt and advancement between the estate and the distributee or legatee, which must be settled before the share or legacy can be ascertained. The attachment transfers to the attaching creditor, only the right of the debtor on the estate, subject to all claims of the garnishee as the representative of the estate in his hands. Thus it is evident that a jury, in order to find the sum due or coming to the debtor from the garnishee as executor or administrator, would be compelled to settle the administration account itself, a thing improper, inconvenient and belonging to the Orphans' Court alone."

In this case the only points in dispute relate to the amount of Daniel B. Kerper's interest in the estate. Whether it is a legacy or distributive share under the intestate law, the settlement of the executor's account, and distribution of the balance are necessary to ascertain the amount. All the legatees, or next of kin, of the decedent are interested parties in the settlement and distribution, and those who are not parties in this attachment suit would not be prejudiced by its adjudication. We shall not now express an opinion upon questions which can only be finally determined in the Orphans' Court when all parties in interest may be heard and their claims considered.

The judgment should have been rendered for the plaintiff against Henry Kerper, executor of Abraham Kerper, deceased, for the amount of the plaintiff's judgment against Daniel B. Kerper, with interest from the date of that judgment, to be levied of the interest of Daniel B. Kerper in the personal estate of said decedent.

Judgment reversed and new trial ordered.