## Estate of Erastus Potter, deceased.    Appeal of Le Grand Wells.

*Widow's exemption—Effect of liens existing against decedent and widow.*
  A widow taking under a will subsequently claimed her exemption out
of proceeds of sale of certain real estate.   Judgments existed which were
liens on the husband's estate and also a personal judgment against her.
*Held,* that the judgments were only a lien upon the interest acquired under
the will, and that they did not bind the proceeds of the sale of the real
estate claimed by the widow as her exemption.

Argued Jan. 17, 1898.   Appeal, No. 27, Jan. T., 1898, by
Le Grand Wells, from decree of O. C. Susquehanna Co., Nov. T.,
1896, No. 26, in distribution of the estate of Erastus Potter,
deceased.   Before RICE, P. J., WICKHAM, BEAVER, ORLADY,
SMITH and PORTER, JJ.   Affirmed.

Exceptions to auditor's report.   Before SEARLE, P. J.

It appears from the record that a question arose in the dis-
tribution of the estate of Erastus Potter, deceased; on excep-
tions filed to the auditor's report by the widow, the exceptions
were sustained by the court and the fund was awarded to the
widow on her exemption claim.

Other facts appear in the report of the preceding case.

Le Grand Wells, a lien creditor of decedent and of the widow,
appealed.

*Errors assigned* among others were (1) In sustaining excep-tions to auditor's report and awarding the fund for distribution to the widow, Jenett Potter.   (5) In the opinion of the court, stating as follows: " The fact that Erastus Potter devised to his widow the land incumbered to the full extent of its value could not have the effect of merging her right of exemption out of it, into the title she took by the devise, if it did, the lien creditors of Erastus Potter would by virtue of such merger have a lien prior to the widow's right to exemption.   If the right of exemption merged in the title devised, it merged upon the death of Erastus Potter by virtue of his will giving the land to his widow."

*T. J. Davies*, for appellant.

*A. B. Smith, Jr.*, for appellee.

OPINION BY BEAVER, J., February 19, 1898:

We have this day filed an opinion in No. 28 of January term, 1898, in which the same parties are appellant and appellee re-spectively, in which the questions involved in this appeal have been discussed and determined.

The record here raises no question which has not been de-cided in No. 28 above mentioned.   The questions relating to the validity of the widow's exemption, as raised in the former case, practically cover all the points raised and argued herein. Admitting the validity of and giving full effect to the judg-ments of the appellant against the husband of the appellee and also against her, they were only a lien upon the interest which she acquired under the will of her deceased husband.   They were not a lien upon any interest which she may have acquired by virtue of her claim for her exemption; first, because the claim for exemption was not made until after the judgments were entered, and, second, what she acquired under said claim was not real estate, but money to be paid out of the proceeds of real estate.   She acquired no real estate or interest therein, under the claim, and, therefore, there could be no merger with the estate held by her as devisee under the will of her deceased husband.   But even if she had acquired real estate under her claim for exemption, it would not have been the completion of

a title previously commenced.   It would have been held by her by a title entirely independent of what she acquired under the will, and would not have been bound by the lien of the judgments of the appellant.   When the inventory of the appraisers appointed to make appraisement under her claim for exemption was confirmed, she became entitled to the payment of $300 out of the proceeds of the sale of the real estate, as made by the administrator.

The decree of the court below, making distribution, is, therefore, affirmed and the appeal dismissed, at the costs of the appellant.