## Dent's Estate

Before Lamorelle, P. J., and Gest, Van Dusen, and Stearne, JJ., and Niles, P. J., nineteenth judicial district.

*Byron, Longbottom, Pape & O'Brien*, for exceptant.

*Benjamin Fertik*, contra.

LAMORELLE, P. J., October 26, 1934.—In 1930, Lit Brothers obtained a judgment against Joseph H. Dent and Anna Dent, his wife. Joseph H. Dent died September 4, 1933. He was survived by a daughter, Mary Ella Virginia Dent, to whom he gave his entire estate and whom he named as executrix. His wife, Anna Dent, who also survived him, elected to take against the will.

Lit Brothers issued an attachment sur judgment against Anna Dent, summoning the executrix as garnishee, and later filed interrogatories. The municipal court entered judgment against the interest of the widow in her husband's estate by virtue of her election to take against the will, reserving, however, to the widow an exemption of $300 under the Act of April 9, 1849, P. L. 533.

The amount coming to the widow is less than $20 over and above a debtor's exemption of $300. This may be slightly increased by payments made on account to the widow by the executrix. The record is not entirely clear whether these payments were made before the interrogatories or after. Be that as it may, while the amount involved is trifling, the question is important, and that question is: Did the municipal court err in confounding a widow's exemption of $500 with a living debtor's exemption of $300? This of course involves the jurisdiction of the municipal court to deal with a widow's exemption.

The case is somewhat novel, although we are not without authorities in point. The first case to which we refer (Mahoney's Estate, 27 Dist. R. 392), is in point by way of analogy. Testator created a spendthrift trust; an attaching creditor obtained a judgment in the municipal court and served the executor; the auditing judge set aside a fund to meet this judgment; on petition to revoke the order for retention of award, and answer, Judge Gest, speaking for the court, said: "Nothing can be clearer than this, that the liability of this legacy to the attachment is a question exclusively within the jurisdiction of the Orphans' Court, and the attaching creditor should have filed exceptions to the adjudication instead of asking the auditing judge to order the executor to retain moneys which the adjudication had directed him to pay. It is obvious that the Municipal Court has no authority to construe this will and to decide whether the legacy was attachable in that court: Maurer *v*. Kerper, 102 Pa. 444; Long's Estate, 254 Pa. 370; Ellwanger *v*. Moore, 206 Pa. 234."

Potter's Estate, 6 Pa. Superior Ct. 633, is directly in point. Le Grand Wells, a lien creditor of a decedent and of the decedent's widow, sought to attach her right of exemption, and Judge Beaver, speaking for the Superior Court in attacking the claim of the lien creditor, said: "Admitting the validity of and giving full effect to the judgments of the appellant against the husband of the appellee and also against her, they were only a lien upon the interest which she acquired under the will of her deceased husband. They were not a lien upon any

interest which she may have acquired by virtue of her claim for her exemption; first, because the claim for exemption was not made until after the judgments were entered, and, second, what she acquired under said claim was not real estate, but money to be paid out of the proceeds of real estate. She acquired no real estate or interest therein, under the claim, and, therefore, there could be no merger with the estate held by her as devisee under the will of her deceased husband. But even if she had acquired real estate under her claim for exemption, it would not have been the completion of a title previously commenced. It would have been held by her by a title entirely independent of what she acquired under the will, and would not have been bound by the lien of the judgments of the appellant."

What is said in Boockfor's Estate, 26 Dist. R. 753, where this court held that an attachment sur judgment by a creditor of the widow, served on the deceased husband's executor, does not bind her exemption, is also apposite. That exemption, which was formerly $300, is now $500, and it is an exemption and not an allowance, as counsel for exceptant contends. It cannot be attached by a decree of any court, in that such court in approving such claim exceeds its jurisdiction. While the question seemingly is not raised, there can be no doubt that an attachment sur judgment may be attacked collaterally on an affirmative showing that the court issuing such attachment exceeded its authority and acted upon something not within its jurisdiction, as was done in the instant case.

Accordingly, all exceptions are dismissed, and the adjudication is confirmed absolutely.