## Bank of America v. McCauley

*John K. Tabor, Nathan K. Parker, Jr.,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for plaintiff.

*Stephen E. Nash,* for garnishee.

*Donald L. McCaskey, James D. Morton* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for defendants.

CERCONE, J., March 31, 1960.—This case is before the pretrial court on a rule to show cause why Mary Farmer Gulli, petitioner here, should not be permitted to intervene in two foreign attachment proceedings instituted by plaintiffs.

Defendant in both suits is John Arnot Macauley, beneficiary of a trust created by his grandfather, George T. Oliver, in 1917. Mellon National Bank and Trust Company, the garnishee, is the trustee of this trust. The trust provided that the income from the fund was to be paid to the settlor's daughter, Jean Oliver Macauley, for life, and thereafter to her children until the youngest child reached the age of 25, at which time the corpus was to be divided equally among the children.

Jean Oliver Macauley died May 17, 1959, survived by defendant and other children, all of whom had reached the age of 25. The Mellon Bank has filed its first and final account as trustee of the Oliver Trust in the Orphans' Court of Allegheny County. The account shows that the present value of the share of each child will be approximately $44,000.

Petitioner's position in these proceedings is established by rules 2327 and 2329 of the Pennsylvania Rules of Civil Procedure, which are concerned with the rights of parties to intervene.

The pertinent portion of rule 2327 provides:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to the rules if . . . (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

The pertinent portion of rule 2329 provides:

"Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or . . . (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties."

To properly fall within the class of persons contemplated in rule 2327(4), petitioner's claim must rise above economic motive or interest which she has in preserving her position among competing creditors. If the claim of petitioner does not encompass a right of liability recognized and enforceable at law or in equity as distinguished from an economic motive or interest in seeing one litigant or another prevail in the proceedings, petitioner does not fall within the contemplation of rule 2327(4). See note of Procedural Rules Committee on Pa. R. C. P. 2327(4); Hassinger v. Hassinger, 20 Pa. C. C. 485 (C. P. Snyder, 1898).

If petitioner is a general creditor, she merely has an inchoate right, not yet enforceable in law or equity, and she has no right to intervene in a legal proceeding entirely alien to her, regardless of the fact that she has a claim against funds which might be reduced by a judgment in favor of another general creditor: Hassinger v. Hassinger, supra.

If petitioner is a preferred creditor by reason of her claim of being an assignee of a portion of the funds, she has a right that is not affected by foreign attachment proceedings, and consequently she does not fall

within the class of persons or parties contemplated in Rule 2327(4) of the Pennsylvania Rules of Civil Procedure.

The nature of a foreign attachment proceeding and the effect of any judgment arising out of it are not such as to affect the legally enforceable interest of petitioner. An attaching creditor's right rises no higher than that of his debtor, and upon judgment rendered the attaching creditor is authorized to receive of the executors and trustees only the interest the debtor might have as a distributee in the trust or estate funds: Ellwanger v. Moore, 206 Pa. 234 (1903) ; Overbrook Heights B. & L. Assn. v. Wilson, 333 Pa. 449 (1939).

The attaching creditors' rights as against all who were not parties to and were not heard in the attachment proceedings are subject to the final adjudication of the orphans' court. That is to say, if defendant's interest is subject to petitioner's assignment, the attaching creditors' rights rise no higher than his. The scope of defendant's interest will be determined by the orphans' court: Hess' Estate, 27 Pa. Superior Ct. 498 (1905) ; Way Estate, 379 Pa. 421 (1954). At the audit of the trustee's account in orphans' court, petitioner may present her claim, and if it is sustained she will have established her right to participate in the distribution. Petitioner's second and third count are inextricably bound to the first and must stand or fall upon its strength. If the assignment is for any reason invalid, defendant's failure to do all things necessary to expedite it and the incorporation of it in the California divorce decree, would not in themselves impart validity to it. An invalid assignment could give rise to no duties for the breach of which separate and distinct causes of action would accrue. Even if it were possible to consider these claims apart from the assignment upon which they are based, they are, as petitioner

admits, the claims of a general contract creditor, and as such, intervention by one general creditor in a suit commenced by another general creditor will not be allowed.

Petitioner also argues that if her right to intervene is refused she will be deprived of an opportunity to contest either (1) the validity of plaintiffs' claims, and (2) the relative priority of plaintiffs' claims and those of petitioner. This position alone defeats petitioner's claim for intervention, because it is this kind of litigiousness and multifariousness of parties and causes of action which the rules of civil procedure seek to prevent.

Petitioner has failed to show that determination of the foreign attachment proceedings will affect any of her legally enforceable interests, and the court is compelled to refuse her petition to intervene.

### Order of Court

And now, March 31, 1960, after consideration, the petition of Mary Farmer Gulli to intervene is refused.