# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SURF'S UP LEGACY PARTNERS, LLC (f/k/a KAABOO, LLC), *et. al.*, | ) ) ) | |
| Plaintiffs-Counterclaim Defendants, | ) ) | |
| v. | ) ) | C.A. No. N19C-11-092 PRW CCLD |
| VIRGIN FEST, LLC, *et. al.*, | ) ) ) | |
| Defendants-Counterclaim Plaintiffs, | ) ) | |
| VIRGIN FEST INVESTCO, LLC, | ) ) | |
| Defendant-Counterclaim Plaintiff-Counterclaim Defendant. | ) ) ) | |

Submitted: November 17, 2021
Decided:  December 16, 2021

*Upon Proposed Intervenor Lewis Brisbois Bisgaard & Smith LLP's
Motion to Intervene,*
**DENIED.**

## MEMORANDUM OPINION AND ORDER

Cheneise V. Wright, Esquire, LEWIS BRISBOIS BISGAARD & SMITH LLP, Wilmington, Delaware, *Attorneys for Proposed Intervenor Lewis Brisbois Bisgaard & Smith LLP.*

Theodore A. Kittila, Esquire, James G. MacMillan, III, Esquire, HALLORAN FARKAS + KITTILA LLP, Wilmington, Delaware, *Attorneys for Plaintiffs-Counterclaim Defendants Surf's Up Legacy Partners, LLC, et al., Counterclaim Plaintiff-Counterclaim Defendant Bryan Gordon, and Counterclaim Defendants Robert Walker and Seth Wolkov.*

Eric M. George, Esquire (*pro hac vice*), Kim S. Zeldin, Esquire (*pro hac vice*), BROWNE GEORGE ROSS LLP, Los Angeles, California, *Attorneys for Plaintiffs-Counterclaim Defendants Surf's Up Legacy Partners, LLC, et al*.

Robert K. Beste, Esquire, Jason Z. Miller, Esquire, SMITH, KATZENSTEIN & JENKINS LLP, Wilmington, Delaware, *Attorneys for Defendants-Counterclaim Plaintiffs Virgin Fest, LLC, et al., and Defendant-Counterclaim Plaintiff-Counterclaim Defendant Virgin Fest Investco, LLC*.

Marvin S. Putnam, Esquire (*pro hac vice*), Jessica Stebbins Bina, Esquire (*pro hac vice*), R. Peter Durning, Jr., Esquire (*pro hac vice*), LATHAM & WATKINS LLP, Los Angeles, California, *Attorneys for Defendant-Counterclaim Plaintiff-Counterclaim Defendant Virgin Fest Investco, LLC*.

**WALLACE, J.**

Lewis Brisbois Bisgaard & Smith ("LBBS") is a Limited Liability Partnership law firm with offices located throughout the United States.[1] Members of its Colorado-based office were hired by Kaaboo—Surf's Up Legacy Partners' predecessor—to provide legal services and representation in the matter of *Kaaboo, LLC v. Pilsl, Pilsl, & Wingerd*.[2] The parties' relationship was memorialized by an engagement agreement that includes an attorney's lien provision.[3] That provision permits LBBS to attach "a lien on any and all claims or causes of action *that are the subject of the representation under th[at] Agreement*."[4] The legal services rendered pursuant to that engagement agreement are wholly unrelated to the facts and transactions that have spawned this litigation.[5]

LBBS rendered the agreed-upon legal services and advanced associated legal costs, but Kaaboo, now an insolvent organization, never fully paid its bill.[6] LBBS successfully obtained a judgment for its unpaid legal fees in the Superior Court of California in the amount of $348,356.43,[7] which was then domesticated in this Court

---

[1]  LBBS's Mot. to Intervene, Sept. 10, 2021, ¶ 2 (D.I. 161).

[2]  *Id.*, Ex. A, Engagement Agreement.

[3]  Engagement Agreement, ¶ 8.

[4]  *Id.* (emphasis added).

[5]  Tr. of Hr'g at 4, Nov. 17, 2021 (D.I. 184).

[6]  Mot. to Intervene, ¶ 3; Tr. of Hr'g at 4.

[7]  Tr. of Hr'g at 4; *see also* Mot. to Intervene, Ex. B, Cal. Super. Ct. Judgment.

on June 30, 2021.[8] Citing the attorney's lien provision in its Kaaboo engagement agreement, LBBS seeks intervention in this present action to try to collect on its California-made-Delaware judgment from any funds that may be awarded to Surf's Up (f/k/a Kaaboo) here.[9]

For the reasons explained below, LBBS's Motion to Intervene is **DENIED**.

## I.  PARTIES' CONTENTIONS

LBBS incants 10 *Del. C.* §§ 4781-4787, Delaware's Uniform Enforcement of Foreign Judgments Act ("UEFJA"), to try to satisfy Delaware Superior Court Civil Rule 24's intervention requirements.[10] According to LBBS, its now-domesticated Delaware judgment—stemming from its unpaid legal fees earned elsewhere in a wholly unrelated case—provides the requisite standing needed to intervene in this lawsuit.[11] For the sake of judicial efficiency, says LBBS, it opted to enter into this

---

[8]  Mot. to Intervene, Ex. C, Del. Super. Ct. execution of foreign judgment.

[9]  Tr. at 4.

[10]  LBBS cites 10 *Del. C.* §§ 4781-4787 in its written motion but referenced 10 *Del. C.* § 4809— which governs recognition of a foreign-*country* judgment—at the motion's hearing. Tr. at 5-6. No doubt, this was just one of those inadvertences that oft happens during the back-and-forth of oral argument. So, the Court will address LBBS's arguments under the legal authority cited in its written submission.

[11]  Mot. to Intervene, ¶¶ 8-9. LBBS argues that though it might be similarly situated to any other unsecured creditor, it is preserving its rights under its "engagement letter that the plaintiff entered into willingly, which may not be the case with any other unsecured creditor." Tr. at 5-6.

active, pending litigation rather than file a separate Delaware action to enforce its judgment.[12]

Surf's Up contends that LBBS, as a general judgment creditor, lacks any legal basis to intervene here because it has no direct interest in the subject matter of the present action.[13]  Though the defendants in this matter, Virgin Fest, LLC, *et al.*, did not file a responsive pleading to LBBS's motion, they asserted the same position as Surf's Up—opposing the motion—at the hearing.[14]

## II. APPLICABLE LEGAL STANDARDS

Delaware Superior Court Civil Rule 24 permits a party to intervene in a pending matter either by right or by permission upon a timely application.[15]  An intervention as a matter of right permits a party to intervene when (1) an unconditional right is granted by statute; or, as invoked here, (2) "when an applicant claims an interest relating to the property or transaction which is the subject matter of the action and applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest,

---

[12]  Tr. at 6.

[13]  *Id.* at 8-9; *see also* Pl.'s Opp'n to Mot. to Intervene, ¶¶ 1-4.

[14]  Tr. at 9 ("The parties are aligned opposing the intervention, although I did not put in any papers.").

[15]  Del. Super. Ct. Civ. R. 24.

unless the applicant's interest is adequately represented by existing parties."[16] And when looking at a motion to intervene under Rule 24(a)—seeking intervention of right— "the Court must focus on the particular facts and procedural posture of the application."[17] Under the less exacting standards of Rule 24(b)—governing permissive intervention—a party may intervene "when an applicant's claim or defense and the main action have a question of law or fact in common."[18]

For the Court to grant a Rule 24(a) request, the third-party movant "must have: (a) timely moved to intervene, (b) in order to protect a property interest at issue in this case, (c) that would be impaired by the disposition of this action, (d) under circumstances where their interests are not adequately represented by Defendants."[19] The movant must also have standing to intervene.[20] "The interest that an intervenor claims must be one cognizable by law; therefore, if the intervenor lacks standing to assert the claim, *ipso facto,* the intervenor's interest cannot be recognized."[21]

---

[16]   Del. Super. Ct. Civ. R. 24(a).

[17]   *Wilmington Trust Co. v. Lucks*, 1999 WL 743255, at *6 (Del. Super. Ct. June 18, 1999).

[18]   *Id.*

[19]   *Carlyle Investment Management, LLC v. Moonmouth Co. S.A.*, 2015 WL 778846, at *3 (Del. Ch. Feb. 24, 2015).

[20]   *Flynn v. Bachow*, 1998 WL 671273, at *4 n.15 (Del. Ch. Sept. 18, 1998).

[21]   *Id*.

## III.  DISCUSSION

### A. LBBS'S INTEREST IS NO MORE THAN THAT OF A GENERAL UNSECURED CREDITOR AND LACKS ANY LEGAL BASIS FOR INTERVENTION.

At bottom, LBBS suggests that because it has a valid, but unrelated, judgment against Kaaboo (now Surf's Up), it has an interest in any monies Surf's Up might be awarded here.  And without intervention,[22] LBBS says, it will lose its opportunity to get to any monies that might be awarded in this case to satisfy that unassociated judgment.  But neither Delaware's Uniform Enforcement of Foreign Judgments Act nor LBBS's engagement letter with Kaaboo provide a basis for LBBS's intervention in this action under Rule 24.

---

[22]    Intervention which, in LBBS's view, would include being able to have significant say in the disposition of Surf's Up's claims here:

> THE COURT: [LBBS Counsel], let me just get this straight.  Basically, what you do want to do is your firm wishes to intervene, but [ ] then kind of wait it out.  You wouldn't want to have any decision making, any type of . . . litigation- or [] strategic-decision making in this case or take any individual position.  It is, if they get a judgment, we want to get part of it?
>
> [LBBS Counsel]: I would say -- I would go beyond that and say any discussions regarding settlement or dismissal of the action, we also want to be part of those discussions and have some opinion weight with that respect for the limited purpose of that. I would not say for the general expanse of the litigation we want to be involved in the decision making or strategy, but for the limited purpose of settlement and dismissal of the action, we would want essentially a seat at the table.

Tr. at 10 (cleaned up).

-5-

### 1. Delaware's Uniform Enforcement of Foreign Judgments Act Does Not Provide LBBS Standing to Intervene.

LBBS tries to use the UEFJA as its vehicle to intervene in this lawsuit.[23] Under Delaware's UEFJA, a foreign judgment is defined as "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this State."[24] Any foreign judgment may be filed in any court in Delaware and will be given "the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying, as a judgment of the Superior Court of this State and may be enforced or satisfied in like manner."[25] Accordingly, a judgment creditor's right "to bring an action to enforce a judgment, instead of proceeding under [Subchapter V of Chapter 47 of Title 10], remains unimpaired."[26] LBBS argues that, under the UEFJA, its Delaware-domesticated-California-judgment is entitled to the same effect as any other judgment originating from and entered in Delaware.[27] So it must follow then, posits LBBS, it has standing to intervene because its unimpaired right under the UEFJA to enforce its judgment

---

[23] Mot. to Intervene, ¶ 8 (citing DEL. CODE ANN. tit. 10, §§ 4781-4787 (2021) (Enforcement of Foreign Judgments).

[24] DEL. CODE ANN. tit. 10, § 4781 (2021) ("Foreign judgment" defined).

[25] *Id.* § 4782 (Filing and status of foreign judgments).

[26] *Id.* § 4786 (Right to enforce judgment unimpaired).

[27] Tr. at 8-9.

satisfies the Rule 24(a) requirement that a proposed intervenor's claim "must be one cognizable by law."[28]

LBBS is correct that its right under the UEFJA to enforce its judgment is unimpaired. But when divining standing for intervention, whether LBSS's judgment originated elsewhere or in a Delaware action is of no moment. For whatever right LBBS may have gained via the UEFJA certainly does nothing to ease its burden to demonstrate Rule 24 standing.

In determining whether a movant has standing to intervene, our Court of Chancery has observed that the standing requirement is harmonious with, rather than independent from, the Rule 24 requirements: "[t]his is not to imply that the standing is separate from the motion-to-intervene analysis. It is subsumed within the court's analysis of whether '*the applicant claims an interest relating to the property or transaction which is the subject of the action . . . .*'"[29] Thus, under Rule 24, the interest that a proposed intervenor claims in a pending action must be one cognizable by law.[30] So, LBBS's standing under Rule 24 turns on whether its claimed interest is one that is legally enforceable.

---

[28] *Id.* at 8.

[29] *Bachow*, 1998 WL 671273, at *4 n.15 (emphasis added).

[30] *Id.*

As one sister state's commentary on this subject explains:

> The exact boundaries of what constitutes a "legally enforceable interest" for purposes of intervention, however, are not clear since the question depends upon the careful exercise of discretion and a consideration of all the circumstances involved in a particular case.  The term owes its origin to the desire of the courts to prevent the curious and the meddlesome from interfering with litigation not affecting their rights.  Thus, *a mere general interest in the litigation*, or an interest in an issue that is collateral to the basic issues in the case, or *an indirect economic interest or motive with respect to the litigation, is not a sufficient basis for intervention pursuant to the "legally enforceable interest" standard*.  The fact that a civil proceeding may in some way affect a proposed intervenor is not sufficient to invoke a "legally enforceable interest" entitling such person to intervention.  Furthermore, a legally unenforceable interest that in the future may become enforceable does not provide for its holder an absolute right to intervene.[31]

Here, LBBS asserts that its "legally enforceable interest" is its California-based judgment now domesticated in Delaware under the UEFJA.  The judgment is for LBBS's unpaid legal fees of $348,356.43, stemming from LBBS's representation of Kaaboo under the parties' engagement agreement.[32]  LBBS acknowledged that the subject matter of those legal services performed had nothing to do with *this* litigation whatsoever.[33]  So LBBS's unpaid invoice/judgment is nothing more than

---

[31]  7 Goodrich-Amram 2d § 2327:8 (2021) (Person possessing a legally enforceable interest as permissible intervenor, generally) (internal citations omitted) (emphasis added).

[32]  Tr. at 3-4; *see also* Mot. to Intervene, Ex. B, Cal. Super. Ct. Judgment.

[33]  Tr. at 4-5.

an indirect economic interest wholly unrelated to this litigation.

LBBS does not have a sufficient basis for intervention under the "legally enforceable interest" standard. LBBS's status as a general unsecured creditor, having a mere coincidental interest in the outcome of this litigation—notwithstanding its rights afforded by the UEFJA—is not enough to overcome Rule 24's standing requirement.[34]

### 2. LBBS's Status as a General Creditor Is Not a Sufficient Interest Relating to the Property or Transaction Which Is the Subject Matter of this Action.

The standing obstacle aside, LBBS still cannot carry its burden under Rule 24(a). Delaware Superior Court Civil Rule 24(a) allows a party to intervene in a pending action when the moving party "claims an interest relating to the property or transaction *which is the subject matter of the action* . . . ."[35] On limited occasion intervention is permissible "where, a discrete, distinguishable fund exists and where the intervenor has some presently, legally enforceable interest in that fund or where his claim against that fund arises from the same factual basis as does the claim in the original action."[36] But the mere fact that a pending, separate action may hinder a

---

[34] *See e.g.*, *The Follieri Group, LLC v. Follieri/Yucaipa Investments, LLC*, 2007 WL 2459226, at *1 (Del. Ch. 2007) (A general creditor has no right to intervene under Rule 24(a) because "it has no interest in 'the property or transaction that is the subject of th[is] action.'").

[35] Del. Super. Ct. Civ. R. 24(a).

[36] *Jet Traders Inv. Corp. v. Tekair, Ltd*, 89 F.R.D. 560, 570 (D. Del. 1981).

proposed intervenor's ability to enforce its previously obtained unconnected judgment—*i.e.* because judgment in that later case may diminish funds to pay the bill incurred in the first or because the funds gained by judgment in that later case aren't encumbered to the proposed intervenor—"is insufficient to be considered a substantial impairment of an interest for the purposes of Rule 24(a)(2)."[37] This is so because a rule allowing easy intervention "would abandon completely the general notion that a plaintiff may control his action and the [ ] Rule 24(a)(2) requirement that an unrepresented petitioner must show an interest in the underlying transaction to support an absolute right of intervention."[38]

LBBS has acknowledged forthrightly that the subject matter of the legal services performed under its Kaaboo engagement agreement had nothing to do with the subject matter of this litigation.[39] And the very language of its engagement agreement limits any lien it may attach to "claims or causes of action *that are the subject of the representation under [that] Agreement.*"[40] So given LBBS's frank

---

[37] *Id.*

[38] *Id*. at 570. Because "[t]he Superior Court's Rules of Civil Procedure closely track the Federal Rules of Civil Procedure, cases interpreting the federal rules are persuasive authority for our construction purposes." *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007) (citing *Hoffman v. Cohen*, 538 A.2d 1096 (Del. 1988)); *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1028 (Del. Super. Ct. Mar. 17, 2021) ("[C]ommon are Delaware courts' references to federal precedent interpreting analogue federal rules of civil procedure when speaking on our own.").

[39] Tr. at 4-5.

[40] Mot. to Intervene, Ex. A, Engagement Agreement, ¶ 8.

concession that its representation of Kaaboo was based on circumstances unrelated to those giving rise to this litigation, both Rule 24(a) and the limiting language of LBBS's engagement agreement weigh heavily against allowing intervention here.

LBBS fares no better under Rule 24(b)'s less-exacting standards. A party may intervene under Rule 24(b) "when an applicant's claim or defense and the main action have a question of law or fact in common."[41] For the reasons already mentioned, LBBS seeks to intervene for the sole purpose of collecting on its foreign money judgment from any award that might befall Surf's Up in this case. LBBS's assertion that intervention is necessary to collect its legal fees for work performed in an unrelated matter in no way shares a common question of law or fact with any of the parties or events involved in this action. So LBBS fails also to meet that Rule 24(b) requirement.

## IV. CONCLUSION

LBBS may have a money judgment against Surf's Up (f/k/a Kaaboo). And that judgment may be proving difficult for LBBS to collect on. But LBBS has failed to show that it has any right to intervene in this legal proceeding that is entirely alien to it. Indeed, its right in this regard is no greater than that of any other unpaid creditor who provided unrelated services to Surf's Up (f/k/a Kaaboo) in the past. That is why

---

[41] *Id.*

-11-

LBBS has no right to a seat at the table in this litigation merely so it might get a cut of whatever Surf's Up (f/k/a Kaaboo) could be awarded here.[42]

Because LBBS's interest is no more than that of a general unsecured creditor, its Motion to Intervene fails under Rule 24 and is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

---

[42] *See Smith v. George T. Smith Mfg. Co.*, 77 N.W. 308, 310 (Mich. 1898) ("The petitioner has not shown that it has any other greater rights than any other creditor, or any specific right in the thing which forms the subject of the controversy. General creditors are not permitted to intervene in such cases."); *Welborn et al. v. Eskey*, 40 N.W. 959 (Neb. 1888) ("A mere general creditor of a debtor, having no claim or interest in the goods, cannot intervene in an action between lienholders or owners of the goods."); *Bank of America v. McCauley*, 23 Pa. D. & C.2d 362, 364 (Pa. Comm. Pl. 1961) ("If petitioner is a general creditor, she merely has an inchoate right, not yet enforceable in law or equity, and she has no right to intervene in a legal proceeding entirely alien to her, regardless of the fact that she has a claim against funds which might be reduced by a judgment in favor of another general creditor.").