## Burke *et al. versus* Noble.

*Release of one of several joint debtors when not a release of all.—Instruction of court to jury as to verdict, not excepted to, nor embraced in reserved point, cannot be assigned for error.*

1. A release of one of several joint debtors on payment of his proportion of the debt does not discharge the others, if it was not the intention of the parties. *Semble,* that the proper practice is to enter a *nolle prosequi* as to the party released by leave of court, and proceed against the others.

2. The instruction of the court to the jury to find a verdict in favour of the releasee, and against the others, cannot be assigned for error, where no exception was taken at the time, and it was not embraced in the question reserved.

ERROR to the District Court of *Allegheny county.*

This was an action of *assumpsit,* brought January 1861, by William Noble against E. Burke and Thomas Barnes, partners trading as Burke & Barnes, W. P. Eichbaum, J. B. Dales, J. M. Atkinson, J. F. Gartree, A. C. Hawkins, and G. W. Neare, late owners of the steamboat Paul Jones, to recover a balance alleged to be due to him for goods and merchandise furnished to the boat.

Certain credits were claimed, part of which were allowed, and the others were referred to the jury, to determine under the evidence.

But the main defence was based on the following receipt:—
" $120.

" Received, Pittsburgh, April 28th 1858, of G. W. Neare, one hundred and twenty dollars in full for all claim, detriments and demands against said G. W. Neare, as part owner of the steamer Paul Jones, said claim having originally been fifteen hundred and twenty-nine dollars and thirteen cents, and said Neare having paid me his one-seventh of said claim, I hereby agree to release him for ever from all or any claim on my account against him, as an owner in said boat, for the original bill I had against said boat. This settlement is based on the fact of the trustees paying creditors from the sale 50 per cent. on the dollar. If the sale realizes less than that amount, the said Neare is to pay W. Noble the difference, or if the sale pays more than that dividend, Noble agrees to refund to Neare the difference for his one-seventh. This settlement is to be understood as in full of Noble's claim on G. W. Neare, as an owner in said steamer Paul Jones, but not the other owners. " WILLIAM NOBLE."

This paper, the defendants claimed, was not only a release and satisfaction of the plaintiff's claim against Neare, and a bar to the action as against him, but that it also operated as a release of all the other defendants, and constituted a valid defence to the plaintiff's action against them.

The court (WILLIAMS, P. J.) directed a verdict against all the defendants except Neare, subject to the opinion of the court upon the question reserved, viz. : " Whether, under the plaintiff's release and receipt to G. W. Neare, the plaintiff was entitled to maintain this action against the other defendants sued with said Neare, or whether the same operates as a release of all the defendants, and of which they may avail themselves as a defence to the plaintiff's action." . Subsequently the learned judge delivered the following opinion :—

" The equitable rule of not extending the words used in a release beyond the consideration, and of construing them according to the intention of the parties, was applied in McLaren v. Robertson, 8 Harris 125, and in Pierce v. Sweet, 9 Casey 151. This was a departure from the doctrine which prevailed in Milliken v. Brown, 1 Rawle 391, and inconsistent with the technical rule there adopted of construing a release of one of several joint debtors, on payment of his proportion of the debt as a release of all the others contrary to the intention of all the parties. And why should not the release in this case, as in McLaren v. Robertson and Pierce v. Sweet, be limited by the consideration, and construed according to the parties? The releasee has paid his proportion of the joint indebtedness just what in equity he would be compelled to contribute on payment of the whole indebt-

[Burke *et al. v.* Noble.]

edness by one or all of the other joint debtors. What harm or prejudice has been done them by the payment of his proportion of the indebtedness and his release from the residue?

"As between the plaintiff and the joint debtors, the latter are severally liable for the whole debt; as between themselves they are only liable to contribute their respective proportions. The payment by the releasee of his portion of the joint indebtedness has not increased the liability of the others to the plaintiff. So far from prejudicing them, it has diminished their several liability to the extent of the payment. And as none of the joint debtors are insolvent, the release of one, on payment of his full share of the debt, has not increased their liability to each other for contribution. They will not be compelled to pay the plaintiff any more than they would be compelled in equity to contribute, if the releasee had paid the whole debt. Why, then, should the release operate as a discharge of their portion of the joint indebtedness? They were not parties to it. They paid no part of the consideration; they are not prejudiced by it, and it was not intended as a discharge of their liability. It seems to me that the true rule of construction applicable to such a release is the one adopted in the cases first cited, viz.: That the words used ought not to be extended beyond the consideration, and should be construed according to the parties. This ought to be regarded as the cardinal rule of construction, and should be applied in all cases where it can be done without prejudice to the just rights of others. Accordingly, in the more recent cases, the courts, in order to carry into effect the intention of the parties, have moulded and limited the general words of the release, and construed them as a covenant not to sue, whenever it could be done, so as to allow creditors to release one of the several joint debtors without discharging their rights and remedies against the others. Why, then, may we not mould and limit the general words of this release, and construe them to be an agreement not to sue, in order to prevent them from operating as a discharge of the other joint debtors? The technical rule, sanctioned by a majority of the court in Milliken *v.* Brown, if applied here, would work injustice to the plaintiff, who has done no act to the prejudice of the defendants, even if they are compelled to pay the residue of the joint indebtedness. It is no more than they would be bound in equity to contribute; and if the releasee was indebted to them for payments or advancements on joint account, the release has not prejudiced any of their rights in this respect, or prevented them from proceeding against him for contribution. The release is not a technical release under seal, and in England, and in most if not all of the other states of our Federal Union, it would not operate as a discharge of the other joint debtors. Why should it have a different effect here, con-

[Burke *et al. v.* Noble.]

trary to the intention of the parties, and the manifest justice of the case ? It will not, if we are at liberty to apply the equitable rule sanctioned in McLaren *v.* Robertson and Pierce *v.* Sweet, instead of the technical one adopted in Milliken *v.* Brown.

" It will then operate here, as elsewhere, as a discharge of the releasee, but not of the other joint debtors. This will give effect to the intention of the parties.

" Let judgment be entered on the verdict in favour of the plaintiff against the defendants, with the exception of George W. Neare, for the amount found by the jury, with the interest, from the date of the finding, and in favour of the said George W. Neare, on payment of the verdict fee."

The entry of this judgment on the point reserved was the error assigned in this court.

*Kirkpatrick & Mellon,* for plaintiff in error.—I. The court below, in entering judgment for defendant in error, directly overrules Milliken *v.* Brown, 1 Rawle 391, and the reason assigned is, that the principle decided in that case has been departed from by this court by McLaren *v.* Robertson, 8 Harris 125, and Pierce *v.* Sweet, 9 Casey 151. In neither of these cases, it is submitted, is the doctrine of Milliken *v.* Brown qualified, departed from, or overruled. It is cited by counsel, but the facts did not warrant the application of the principle. Milliken *v.* Brown is cited, approved, and recognised as the law of the state in Tyson *v.* Pollock, 1 Penna. 381; Burson *v.* Kincaid, 3 Id. 63; Christy *v.* Bohlen, 5 Barr 39.

The legislature, so late as March 1862, recognised the doctrine of Milliken *v.* Brown as the settled law of the state when they passed the Act of 22d March 1862, P. L. 167, authorizing thereafter the release and discharge of one or more joint, or joint and several co-promissors, joint debtors, or copartners, upon the payment of his or their proportionate part or parts of the joint indebtedness, or according to the terms of the compromise, and such release and discharge shall not thereafter be construed to impair the right of the creditor to proceed against the parties not discharged. Of course this act cannot constitutionally, or by its terms, be construed to affect the case under consideration. And the question decided in Milliken *v.* Brown is recognised in Benjamin *v.* McDonnell, 4 Gilman 536. See also Nicholson *v.* Revill, 4 A. & E. 675; 6 Nev. & M. 192; Cheetham *v.* Ward, 1 B. & P. 630; Butler & Hargrave's Notes, 2 Coke Litt. 232; Hammon *v.* Roll, March Rep. 202; Coke Litt. 232.

II. The affidavit of claim and bill of particulars, filed in this case by the plaintiff below, shows that the claim in suit was contracted by all the defendants jointly, and so charged to them as

[Burke *et al. v.* Noble.]

owners of· the steamer Paul Jones.  In such a case each owner is liable, *in solido*, to the party who furnishes the material, or does the work :  Coll. on Part. § 1225.  Although in actions of tort, one or more of the defendants may be found guilty, and the others acquitted, yet in. actions for breach of contract, whether it be framed in *assumpsit*, covenant, debt, or case, a verdict or judgment in general be given against one defendant without em⁺ bracing the others : 1 Chitty's Pl. 44 ; Wilton *v.* Cooper, 10 Pick. 281.  If this objection appear upon the record the defendant may demur, move in arrest of judgment, or support a writ of error, and the court will not permit the striking out the names of one or more of the defendants to cure the defect :  6 Car. & Payne 545.

Amendments, by striking out or adding the names of the parties to the record under our statutes of *jeofails*, are confined to cases of clear mistake in fact or law :  Horback *v.* Knox, Boggs & Co., 6 Barr 377.  The amendment made in this case by the court below was not asked by the party in whose favour it was made, nor indeed was there any mistake in fact or law alleged or proved.  The judgment of the court below in favour of the defendant, George W. Neare, will preclude his co-defendants from their action for contribution.  The release of the plaintiff below ought not to have been received as evidence of the fact that Neare's interest in the boat was only one-seventh, and that proportion of the indebtedness was a payment of his share in full.  The effect was to allow one joint debtor, by collusion with their creditor, to change their liabilities to each other without their consent.

*James Veech,* for defendant in error.—Milliken *v.* Brown, 1 Rawle 391, is a relic of a harsh and obsolete common law rule, decided by a divided court, never acceptable to bench or bar, and has often been doubted, qualified, and explained.  See Burson *v.* Kincaid, 3 Penna. R. 63, 8 Barr 268, 10 Id. 402.

The positions taken and authorities cited by Tod, J., in his dissenting opinion, show very satisfactorily that the case was not well considered.

Gibson, C. J., who tried the case in the circuit court below, was evidently dissatisfied with Justice Huston's opinion, and seeks to put the case upon different ground.

In that case, one of the two Browns was insolvent; the other and Watson, the releasee, solvent.  Watson had paid only the one third of the debt, and Gibson, C. J., seems to put the case upon the ground of the injustice of allowing plaintiff to recover the other two thirds from the solvent Brown, and he then suing Watson for contribution.  The defendants had been partners; and the chief justice thought that it would be impracticable to

[Burke *et al. v.* Noble.]

settle the equities, &c., of the defendants in that suit; *ergo,* the release of one must, to obviate this difficulty, be a release of all.

Now, in the case at bar, none of the joint debtors are insolvent. The reason, therefore, does not apply. *Cessante ratione legis, cessat ipsa lex.* And Gibson, C. J., admits that "the justice of the rule would be less apparent, where the outgoing debtor has paid his proportion, as between the debtors themselves." That is this case.

In this case, the receipt to Neare, set up as a release of all, is not under seal, and at its end expressly stipulates that "this settlement is to be understood as in full of Noble's claim on G. W. Neare as an owner in said steamer Paul Jones, but not the other owners."

Of such a case, Tod, J., says, in Milliken *v.* Brown, "a discharge of one joint debtor, on receiving his share of the debt, can operate as an extinguishment and forfeiture of the residue,. against the intent of the parties, only in case of a strictly technical and legal release under seal. All the authorities appear to be so:" for which he cites 2 Salk. 575, 2 Saund. 48, and several New York cases which fully sustain him.

That the intention of the parties to the release, or the consideration of it, should prevail, where no injustice is shown to have been done to the other parties, is recognised as the governing rule of decision in many Pennsylvania cases, as well as in other states.

Two weeks before Milliken *v.* Brown was decided, the Supreme Court held (in McLenachan *v.* The Commonwealth, 1 Rawle 357) that a release to one of two administrators did not release the other on the administration bond. See, also, Kirby *v.* Taylor, 6 Johns. Ch. 242; Mortland *v.* Himes, 8 Barr 268; Shock *v.* Miller, 10 Id. 402; Ex parte Gifford, 6 Vesey 805; Klingensmith *v.* Klingensmith, Ex'r., 7 Casey 460; McLaren *v.* Roberts, 8 Harris 125; Pierce *v.* Sweet, 9 Casey 151.

The elementary works of modern date are full of the doctrine that a release of one, with an express provision that it is not to release the others, shall not release them: 1 Parsons on Contracts 29, for which many cases lately decided in England are cited; 2 Id. *221 [225]; Evans's Pothier on Oblig., n. 275, 278, 279, 280, 281, 521.

The passage of the Act of Assembly of March 22d 1862, P. L. 167, referred to by counsel of plaintiffs in error, "relating to copartners and joint debtors," is a very decided legislative expression of dissatisfaction with Milliken *v.* Brown, *et id omne genus.* The same law obtains in New York, Ohio, and other states.

II. As to the form of the verdict and judgment, for Neare (the releasee, who paid) and against the others, the citation

[Burke *et al. v.* Noble.]

above from 1 Pars. on Contr. 29, shows it to be all right. No change of parties on the record was necessary. It is a mode of effecting equity, through forms of law, which our courts are often compelled to resort to and which they do often adopt : 2 Barr 16; 1 Peters's S. C. Rep. 73–80. The defendants are not hurt by it, and they have no right to complain.

By the case, as stated, the court instructed the jury to find for Neare and against the other defendants, and this instruction was not excepted to. As this is no part of the reserved question, it cannot be assigned for error here. But there is no error in it.

The opinion of the court was delivered by

THOMPSON, J.—At common law the release of one joint obligor or promissor operates as a release of his co-obligors or promissors. It is unnecessary to cite authorities for this. But it is very evident that the rule was predicated of technical releases. I think this will appear by the following references : Shep. Touch. 337; Coke Lit. 232; 1 La Roy 690; Story on Bills 316.

In 22 Pick. 305 it was decided that unless the release was technical, it would not have the effect. Nor where the instrument is a covenant not to sue : 3 Greenleaf's Reports 423; 8 N. H. 369.

In Solby *v.* Foster, 6 E. C. L. R. 11, a release of one of two partners, with a proviso that it should not prejudice the releasor's claim against the remaining partners, was held not to be a discharge of the other. So in Thompson *v.* Jack, 54 Id. 540, a release of one of two joint and several obligors sued jointly was held no release of the other.

Milliken *v.* Brown, 1 Rawle 391, followed the strict common law rule, although the release was not a technical one. It was not a unanimous decision, and has not been followed. Schock *v.* Miller, 10 Barr 401, held that the release did not discharge the obligation of any but the releasee, where the responsibility of the other obligors was not increased thereby. The same thing had been decided in Mortland *v.* Himes, 8 Id. 268. These authorities of themselves would be sufficient for the case in hand, for it is not pretended that the remaining partners here are not all solvent. But I do not see precisely the force of this qualification as to increased responsibility. Although the release would be a discharge *quoad* the releasee, it could have no effect on the original co-promissors. If it was a case for contribution at all, the release would not prevent them, I apprehend, from calling for such contribution as would equalize the solvent parties where some were insolvent. The distinction does not seem to have been alluded to in McLaren *v.* Robertson, 8 Harris 125. In that case, as in Rapp *v.* Rapp, 6 Barr 45, and in several others, it is said that the release is to be confined to its terms and within

the consideration.  That is to say : it is not to have a technical effect or an effect beyond what was intended by the parties.  In Pierce *v.* Sweet, 9 Casey 151, we denied the operation contended for even in a tort.  We need not multiply authorities on this point.  The release of Neare did not discharge the contract as to his copartners.  Its terms clearly indicate that it was not intended to do so.  The plaintiffs in error insist on its technical effect, without the slightest equity to stand upon.  A recovery against them compels them individually to pay no more than if all had been included.  The amount released was not included in the judgment against them, and as they are solvent no question can arise as to contribution.  It has long been the judicial rule to restrain such a release within its terms in accordance with the intent of the parties, and to give effect to it only within this scope : 6 E. C. L. R., *supra.*

Sometimes we find courts construing such releases as contracts not to sue; and certainly this relieves some of the difficulties in pleading.  But when the operative terms of the instrument are strictly words of release, it seems like violence to both language and intent to give them such an effect and no more; for such construction does not release the party, but only gives him an action on the covenant or promise not to sue against the releasor for violating its terms, and thus sets aside the intention of the parties to it if intended as a release.  This promotes circuity of action; a thing which the law always seeks to avoid.  In this case we have no difficulty, however, as there was no exception to, or assignment of error upon, the instructions of the learned judge to the jury to find for the defendant Neare, the releasee, and against the others; nor was this question reserved, or embraced by the question which was reserved.

According to The Commonwealth *v.* Nesbitt, 2 Barr 16, and authorities therein cited, a safe course ordinarily for a plaintiff would, in a case of this kind, be to enter a *nolle prosequi* by leave of court as to the releasee.  This course is adopted in England in cases of the joinder of bankrupts : 1 Wels. 89; 2 Maule & Selwyn 23; 1 Saund. Reports 207 n.  In Minor *v.* The Mechanics' Bank of Alexandria, 1 Pet. 46, a nonsuit was entered as to one jointly sued, but who had severed in pleading, after judgment against the others, and it was held no discharge of the joint obligation.  As the plaintiff is bound to sue all parties in a joint contract, and to declare upon it as the contract of all, it is difficult to see how consistency in the record can otherwise be preserved than by entering a *nolle prosequi* either before or perhaps after judgment, but we need not determine this definitely at this time, for the reason mentioned above, namely, that there was no exception or question raised to bring it up.

The Act of 22d March 1862, to which reference has been

made, is no more to be regarded as a legislative expression against the existence of the judicial principle that one joint promissor may not be released without releasing all, than it may be regarded as declaratory of a rule which has become common law. In fact it has little to do with the argument in either aspect. It gives us to know, however, by positive enactment, that such a release (whether of parties in existing contracts, or only those subsequently to be made, we need not determine) may be given without discharging co-promissors, joint obligors, or co-partners, and that such a question as we have been discussing will not often arise hereafter. The only important matter for consideration under the law will be the question of practice above referred to, which we will not determine until it arises.

Judgment affirmed.