## Lewis v. Linton, Appellant.

*Execution—Stay of execution—Payment of judgment—Practice, C. P.*
Where a petition to stay a writ of execution, verified by affidavit sets forth and alleges payment of the entire judgment under which the execution was issued, and also that the plaintiffs in the judgment who were foreign executors had never administered in the United States, and were not legally authorized to issue execution, and the plaintiff files no answer to the petition, it is error for the court to refuse the petition although it does so without prejudice to the defendants in the event of the sale of the property levied upon to be heard on an application to have the proceeds of the sale paid into court, and to have their rights determined therein.

In such a case the proper practice is for the court to grant a rule to show cause why the prayer of the petition should not be granted.   The plaintiffs should then file a responsive answer admitting or denying the allegations of the petition.   An issue will thus be formed for consideration and determination by the court.

Argued Oct. 13, 1903.    Appeal, No. 149, Oct. T., 1903, by defendant, from order of C. P. Armstrong Co., June T., 1897, No. 63, dismissing petition to stay a writ of execution in case of Ada Hannah Lewis et al., Executors of Samuel Lewis, Deceased, v. Elwina Linton.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Reversed.

Petition to stay writ of execution.
The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court dismissing the petition.

*R. A. McCullough* and *Calvin Rayburn,* for appellant, cited : Horner v. Hower, 39 Pa. 126 ; Reynolds v. Barnes, 76 Pa. 427 ; Horton v. Hopf, 4 W. N. C. 381 ; Felt v. Cook, 95 Pa. 247 ; Melan v. Smith, 134 Pa. 649 ; Atkinson v. Harrison, 153 Pa. 472 ; Hawk v. Spade, 24 Pitts. L. J. 200.

*R. L. Ralston,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904 :

Mrs. Linton, the defendant and appellant, and Thomas Cross, both citizens and residents of England, made a joint and several promissory note, dated June 10, 1896, and payable six months after date to Samuel Lewis, also a citizen and resident of England. Default in payment having been made, Lewis brought suit against Cross in England on the note and recovered judgment against him. Subsequently he issued a writ of foreign attachment in assumpsit on the note against Mrs. Linton in the court of common pleas of Armstrong county, this state, and after a jury trial, a verdict was rendered for the plaintiff for the full amount of the note and judgment was duly entered on the verdict on June 8, 1899. Samuel Lewis died on January 13, 1901, and shortly thereafter letters testamentary on his estate were granted by the proper authority in England, to Ada Hannah Lewis, Ernest Henry Davis and Algernon Edward Sidney, executors, named in the decedent's will.

To June term, 1903, of the common pleas of Armstrong county, an execution was issued on the judgment against Mrs. Linton in the name of " Ada Hannah Lewis, Ernest Henry Davis, Algernon Edward Sydney, executors of John Lewis, deceased, " on which certain real estate of the defendant was levied and advertised to be sold. Application was made by the defendant to have the writ stayed but this was refused by the court below in the following order : " April 30, 1903, the within petition was duly presented and considered and it appearing to the court by statement of counsel, that in a former application for stay of proceedings, made to this court and appealed to the Supreme Court, a procedendo was awarded by the Supreme Court ; the within application for stay of writ is refused, without prejudice, however, to the defendant, in the event of the sale of the property levied upon, to be heard on

an application to have the proceeds of said sale paid into court, and to have their rights determined therein as to any new matter arising since said procedendo was awarded." The record discloses that the sale of real estate made on the writ was subsequently set aside at the instance of the counsel for plaintiffs.

To September term, 1903, the same plaintiffs issued another execution on said judgment and levied upon and advertised Mrs. Linton's real estate for sale. The defendant thereupon presented her petition to the court below and prayed, inter alia, that the writ be stayed perpetually; that the court "order and decree said judgment at No. 63, June term, 1897, be marked satisfied of record by reason of the same having heretofore been fully paid;" and "to adjudge the action of said Ada Hannah Lewis, Ernest Henry Davis and Algernon Edward Sydney, in the capacity of executors of Samuel Lewis, deceased, as void and without authority of law in said proceedings in Pennsylvania." On this petition the court made the following order: "September 4, 1903, on due consideration the prayer of the within petition is refused without prejudice and for the same reasons as per order of court of April 30, 1903. No new matter occurring since that time being alleged in within petition and a bill of exceptions is hereby sealed to this order on behalf of defendant." From the two decrees thus made against her by the court below, the defendant, Mrs. Linton, has appealed.

It must be conceded that the petition presented by the defendants, the prayer of which was refused on April 30, 1903, and the accompanying affidavits were not in proper form and did not conform to the well established practice in such cases. The petition contained no facts whatever, but prayed the court to stay the writ for reasons set forth in the affidavits of Mrs. Linton and her husband. The facts relied on by the petitioners in support of their application should have been clearly and concisely averred in the petition, which should have been verified by an affidavit. The affidavits filed with this petition contained much irrelevant matter, which did not support the defendant's application to have the execution stayed.

The second petition presented to the court however contained averments which, if true, entitled the petitioner to relief. The

petition was verified by an affidavit and alleged, inter alia, that since the rendition of the judgments in England and in Armstrong county, this state, on the note executed by Mrs. Linton and Cross, the latter had paid $7,860 on the judgment in England and that $5,853.09 had been collected on a former execution issued on the judgment against Mrs. Linton in Armstrong county, which should be credited on the judgment. If these averments were true, and there was no answer filed denying them, both sums were paid on the same indebtedness and aggregated $13,713.09, or more than payment in full of the judgment against Mrs. Linton in Armstrong county. It was therefore averred in the petition that the judgment had been fully paid and should be satisfied of record. It was also averred in the petition that the executors of Samuel Lewis had not administered on his estate in the United States and were, therefore, not legally authorized to issue execution on the judgment; and that Ada Hannah Lewis, Ernest Henry Davis and Algernon Edward Sydney had issued this execution as executors of John Lewis and not of Samuel Lewis, deceased. The learned court refused the prayer of the petition for the reason set forth in its orders of April 30, and September 4, 1903, " that on a former application for stay of proceedings, made to this court and appealed to the Supreme Court, a procedendo was awarded by the Supreme Court." The order of the court was made " without prejudice, however, to the defendant, in the event of the sale of the property levied upon, to be heard on an application to have proceeds of said sale paid into court, and to have their rights determined therein, as to any new matter arising since said procedendo was awarded."

The learned trial judge was clearly in error in his mode of procedure on the defendant's application as well as in the decree he made thereon. On presentation of the petition he should have granted a rule to show cause why the prayer thereof should not be granted. The plaintiffs should have filed a responsive answer admitting or denying the allegations of the petition. An issue would thus have been formed for consideration and determination by the court. But the learned judge acted on the petition without requiring the parties to pursue this orderly course which possibly caused him to arrive at an erroneous conclusion. He evidently thought that this court on the former

appeal (Lewis v. Linton, 204 Pa. 234) had ordered a procedendo on the same facts presented in support of this application for a stay of execution. In that appeal it appeared that the application to stay the writ and modify the judgment was made on the same grounds that were unsuccessfuly set up as a defense on the trial of the cause which resulted in the judgment, and we, therefore, held that as to such matters as were set up as a defense, the term having expired, the defendant was concluded by the judgment, unless it was reversed on appeal.

In this application to stay the writ and satisfy the judgment, the petitioner not only averred these facts, which are res adjudicata, but also the additional and material facts that since the rendition of the judgment it had been fully paid, also the manner of payment; and further that the plaintiffs had not administered on decedent's estate in this commonwealth and therefore were without authority of law to prosecute proceedings on an execution for the collection of the judgment. These averments of the payment of the judgment and the want of authority in the plaintiffs to issue the execution, supported by affidavit, were sufficient to move the court to act in the premises. If either allegation was true, it is evident that the plaintiffs should have been restrained from proceeding on the execution. It was therefore the duty of the learned trial judge to act promptly in the matter and, having had the facts judicially ascertained, to make such order as the facts and the law required. If the judgment was paid, it should have been marked satisfied. If it had not been paid and the foreign executors were without authority to prosecute the writ, the execution should have been stayed. The court below had ample power to act in the premises and to give such relief as the facts and the law demanded.

The determination of the rights of the parties should not have been postponed until after the sale of the defendant's real estate. If the judgment was paid or execution had been improvidently issued it was the duty of the court to stay the writ and thereby prevent a sale of the defendant's property. There can be no valid reason for the court to delay action in such cases until the costs and expenses of the sale have been incurred with the chances of the defendant's property being sacrificed. We are not aware that such a practice prevails in any other district of the state but if it does it should be abandoned.

The decree of the court below is reversed with a procedendo.