## Sydney *v.* Linton, Appellant.

*Nonsuit—Delay in returning commission—Discretion—Review.*

The Supreme Court will not review the discretion of the court below in nonsuiting a case because of unreasonable and improper delay of the plaintiff in securing the return of a commission to take testimony.

The correctness of a nonsuit must be decided on the facts as they were before the court at the time. Facts subsequently appearing by depositions or otherwise might authorize a judge to take off the nonsuit, but could not make it error for him not to do so.

Argued Oct. 11, 1906. Appeal, No. 59, Oct T., 1906, by defendant, from order of C. P. Armstrong Co., June T., 1897, No. 63, refusing to take off nonsuit in case of Algernon Edward Sydney, Ancillary Administrator of Samuel Lewis, to use of H. A. Colwell v. Elwina Linton. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Foreign attachment in assumpsit. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Thomas Watson* and *R. A. McCullough*, with them *George R. Wallace*, for appellant.

*R. L. Ralston*, for appellee.

PER CURIAM, January 7, 1907:

Following a suggestion made by this court when the case was here last (207 Pa. 320) the learned judge below on petition, answer and rule to show cause, awarded an issue to determine what payments had been made on the judgment, by the defendant or by her co-obligor, for which she was entitled to credit. This issue was framed by the court September 10, 1904, and was put on the trial list for December term of that year, but the plaintiff in the issue, present appellant, failing to appear it was continued to the March term, 1905, when it was again continued on appellant's application, because a commission issued

by her to take testimony in England had not been returned. Trial was again called in June, 1905, and the commission having been refused admission in evidence because improperly executed, the court again continued the trial until August 15, apparently with a peremptory direction that the case must be tried then.   At that date the testimony not being produced, the court made the following order : " Now August 15, 1905, this case having been on trial June 8, 1905, at which time the depositions were offered, which were wholly contrary to the rules of the Armstrong county court, and illegal, which caused an adjournment until the date August 15, 1905, in order that the plaintiff might secure the testimony in a proper and legal manner, and, in the opinion of the court, time sufficient having elapsed in which to secure the testimony, we do not think this reason to continue the case is sufficient to move us to refuse the granting of the nonsuit.   This is especially true in view of the fact that this court was three times called to Kittanning for trial of this case, as he was especially certified from the president judge of Armstrong county.   It seems like trifling with justice, and in view of all the facts and circumstances connected with this, and further, in view of the fact that there is no testimony to sustain the contention of the plaintiff, we grant the motion for nonsuit."

It certainly cannot be maintained on this state of facts that the court was unduly harsh.   The case was old, had been twice here on appeal, and since the last appeal had been continued three times.

The depositions, however, subsequently arrived, and the judge though not bound to do so, did in fact examine them. The main stress of appellant's argument is that on this examination he reached an erroneous conclusion.   Of this we have not been convinced, but even if our views had differed from his we should not be justified in reversing the judgment, for it was a nonsuit and its propriety must be determined by the facts as they existed at the time of its entry.   The subsequent hearing which he gave appellant on the depositions was an act of grace which might have authorized him to open the judgment and take off the nonsuit, but his refusal to do so did not make the nonsuit erroneous.

Judgment affirmed.