# Betts, Appellant, *v.* Young Men's Christian Association.

*Judgments—Modification of judgment after expiration of term—Executions—Setting aside executions—Trespass—Charitable institutions—Liability for torts of employees.*

In an action of trespass by a husband and wife to recover damages for personal injuries to the wife resulting from the alleged negligence of the employees of the defendant, a Young Men's Christian Association, verdicts were returned in favor of each of the plaintiffs and separate judgments were entered thereon. The defendant attempted to appeal from both judgments, but took only one appeal and at the argument elected to have it apply to the judgment in

favor of the husband and obtained a reversal on the ground that the defendant was not liable for the negligence of its employees. No valid appeal was taken from the judgment in favor of the wife.

Under such circumstances it was error for the court, at a subsequent term, to set aside an execution issued on the judgment in favor of the wife.

The court at a subsequent term cannot set aside a judgment, entered adversely after a hearing or trial, for error of law committed by the court; nor can the court indirectly mould the verdict by setting aside an execution issued on a judgment so entered.

Argued April 13, 1926. Appeal No. 14, April T., 1926, by plaintiff, from order of C. P. Erie County, September T., 1921, No. 289, in the case of Catherine Betts v. Young Men's Christian Association. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Motion to stay execution. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

The court stayed the execution. Plaintiff appealed.

*Error assigned* was the order of the court.

*John B. Brooks,* and with him *Charles H. English* and *Frank B. Quinn,* for appellant.—The execution was improperly stayed: King v. Brooks, 72 Pa. 363; Miller v. Baker, 64 Pa. Superior Ct. 124; J. A. Waldo v. G. L. Denton et al., 135 Pa. 181; Graham R. B. Corp., Appel., v. Stone et al., 281 Pa. 232; Mayer v Brimmer, 15 Pa. Superior Ct. 451; Hall v. Pub. Co., Robinson's Appeal, 180 Pa. 566; Rollo et al., appellants, v. Bell, 265 Pa. 506.

*W. B. Gifford,* and with him *Gunnison, Fish and Chapin,* for appellee.—The court had power to set aside the execution: Kréamer v. Fleming, 200 Pa. 414; Moore v. Barrett, 6 Philadelphia 204; Commonwealth v. Lacey et al., 15 D. R. 199; Hunter's Appeal,

40 Pa. 194; Natalie Anthracite Coal Co. v. Ryon, 188 Pa. 138; Taylor's Appeal, 93 Pa. 21; Lewis v. Linton, 204 Pa. 234.

OPINION BY CUNNINGHAM, J., July 8, 1926:

This is an appeal from an order of the Court of Common Pleas of Erie County, making absolute a rule to show cause why an execution issued in behalf of Catherine Betts upon a judgment in her favor against the Young Men's Christian Association of Erie should not be set aside.

The circumstances out of which the appeal arose are these: On July 14, 1921, G. Edgar Betts and Catherine Betts, his wife, brought a joint action in trespass against the Young Men's Christian Association to recover damages for personal injuries suffered by the said Catherine Betts through the alleged negligence of the agents and employees of the defendant in failing properly to inspect a chandelier suspended in defendant's building, through the falling of which the said Catherine Betts was injured.

On January 12, 1923, a verdict was rendered by the jury, awarding $609.28 to the wife for her injuries and $1,650.50 to the husband for the loss of her services, expenses, etc.

On January 15, 1923, the defendant moved for judgment n. o. v. and on July 31, 1923, this motion was overruled and the prothonotary directed to enter judgment on the verdict.

On August 3, 1923, separate judgments were entered upon these verdicts, as required by the Act of May 8, 1895, P. L. 54, (Betts v. Y. M. C. A., 83 Pa. Superior Ct. 545, 547).

On August 23, 1923, the defendant attempted to appeal to this court from both judgments but took only one appeal.

Upon being required to elect which judgment the appeal should be referred to, the learned counsel for the

defendant in the court below, appellant in this court in that proceeding, elected to have the appeal referred to the judgment in favor of the husband, G. Edgar Betts.

The appeal was argued in this court on April 15, 1924, and in an opinion for this court handed down October 13, 1924, by KELLER, J., the judgment in favor of the said G. Edgar Betts was reversed and judgment entered in favor of the defendant upon the ground that the said Young Men's Christian Association was a public charity and as such could not be made responsible for the negligence of its agents and employees, with the result that the rule of respondeat superior could not be applied to it. Betts v. Y. M. C. A. of Erie, 83 Pa. Superior Ct. 545.

Nothing whatever was done with respect to the said judgment in the court below in favor of Catherine Betts until December 17, 1924, when an execution was issued for its collection. On that date, upon application to the court below, a rule was granted to show cause why this execution should not be set aside, which rule the court below made absolute April 13, 1925. In his opinion setting aside the said execution, the learned President Judge of the court below states that the reasons advanced by defendant for staying the execution are, first, because "It had been judicially determined that the property from which the money was sought to be made on the execution was a purely charitable institution and therefore not liable to be seized in satisfaction of the writ," and, second, because "There was no judgment in favor of Catherine Betts." In disposing of these contentions the court below said with reference to the first ground, "That fact having been judicially determined by that tribunal in the very case in which the execution is issued and to recover upon a claim for which the Superior Court says the defendant is not liable, or is at least relieved from payment, it follows that even if there is a judgment in this case in

favor of Catherine Betts with execution issued seeking recourse to defendant's property in its satisfaction, it would be the duty of the Court to set the same aside, hence it is unimportant whether Mrs. Betts has a judgment or not, for the duty of the Court is plain under the circumstances, and that is to set aside the execution issued if she has a judgment, because she seeks satisfaction from property of a purely public charity, and if she does not have a judgment, to set it aside for the reason that it is a nullity.''

With respect to the second contention it is sufficient to say that this court has heretofore stated that ''separate verdicts were recovered in favor of the plaintiffs and separate judgments entered upon these verdicts, as required by the Act of May 8, 1895, P. L. 54,'' and on April 26, 1924, discharged a rule to show cause why the record should not be remitted with instructions to enter separate judgments.

The single assignment of error in support of this appeal charges error on the part of the court below in staying the execution in question.

We have therefore a judgment entered adversely after a trial which has not been successfully appealed from. The defendant by proceeding in the proper manner within the time limited by law could have secured its reversal but this was not done. The most that can now be said against this judgment is that it was obtained through the entertaining by the court below at the time of the trial and when judgment n. o. v. was refused of a mistaken view of the law with respect to the legal liability of the defendant. What power or control has the Court of Common Pleas of Erie County over this judgment, the term at which it was entered having passed?

By the order assigned for error on this appeal the court below said in effect that no execution may be issued to collect it. A majority of the members of this

court are of opinion that the assignment of error to this order should be sustained.

With reference to the power of a court to open a judgment our Supreme Court in King v. Brooks et al., 72 Pa. 363, said "In the case of judgments by confession or default there is no limit of time to the exercise of this power, but in the case of judgments entered adversely after a hearing or trial it is settled that it must be done before the end of the term at which they are entered: Bredin v. Gilliland, 17 P. F. Smith 37; Catlin v. Robinson, 2 Watts 379; Stephens v. Cowan, 6 Watts 511; Mathers' Ex. v. Patterson, 9 Casey 485; White v. Leeds, 1 P. F. Smith 187; Commonwealth v. Mayloy, 7 Id. 297."

"A court at a subsequent term cannot set aside a judgment duly rendered for errors of law committed by the court": American Digest, Decennial Ed. Vol. 11, p. 2012, Sec. 355, and cases there cited. It is therefore clear that the court below has no power to modify the judgment in any way.

A reading of the opinion filed in the court below in support of the order indicates that the granting thereof is based to some extent upon a misapplication of a portion of the opinion of this court in the said appeal of G. Edgar Betts to this case as it stood upon the record after the expiration of the term. What was decided on that appeal was that the Y. M. C. A. of Erie under the facts appearing from the record brought up on that appeal was a public charity and therefore not responsible for the alleged negligence upon which the action was founded. It is expressly stated in the opinion that this court did not pass in any way upon the question whether the defendant had been guilty of negligence.

The correct legal principles upon which this appeal should be determined are stated in Lewis v. Linton, 204 Pa. 234, reaffirmed in the second appeal in that case reported in 207 Pa. 324. The proceeding was by for-

eign attachment on a contract made in England by a married woman and to be performed there. At the trial the court below was asked by the defendant to charge that the burden was on the plaintiff to show that the defendant was at the time of the contract "possessed of separate use property;" that liability was limited to property held by her or her trustee for her sole and separate use and situated within the Kingdom of England; and that as she was married prior to the time the married woman's property act went into force she was not liable in a common law action on the contract.

These requests were refused and the only question submitted to the jury was whether the defendant was a principal or a surety. The verdict was against her and judgment was entered on it and no appeal taken. After the term at which the judgment was entered had expired the defendant obtained a rule to show cause why it should not be modified. The court below refused to alter the form of the judgment but made an order "perpetually staying execution upon the judgment" as against all property acquired by her prior to January 1, 1883, except such as may have prior to that time been settled to her sole or separate use. From this order the plaintiff in the judgment appealed.

It was manifest that the order staying the execution, except as to certain designated property, was made because the court below reached the conclusion that it had been in error at the time of the trial, just as in this case the court below had been advised by this court that it was in error at the time of the trial of the present case. In reversing this order our Supreme Court said, "It was evidently intended by this order to give the defendant the same protection as to her property that would have been secured to her if judgment had been entered against her under the married woman's property act by an English court. Whether the order

would do this or more we do not pretend to say. No objection has been made to its form, but the power of the court to make it is denied, and with this question only are we concerned. Undoubtedly a court may in the exercise of its equitable powers limit or restrain an execution, in order to preserve property of a defendant that is not liable to seizure under the judgment entered; but it is equally clear that if the question of the limitation of the judgment has been considered and decided at the trial of the cause, the court cannot after the expiration of the term deprive the plaintiff of the fruits of his victory. The only remedy is by appeal. If a question has been once judicially determined, it can not in another proceeding between the same parties be made the subject of dispute. The rights of the parties are fixed by the judgment entered in the first proceeding......The order of the court does indirectly what admittedly could not be done directly, moulds the verdict.''

This order has practically the same effect as the order in the case just cited and cannot be sustained.

The order setting aside the execution is accordingly reversed at the costs of the appellee.