## Link Building and Loan Association, to use, Appellant, *v.* Melnick et al.

Argued December 4, 1936. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Lemuel B. Schofield,* for appellant.

*Marshall A. Coyne,* for appellee.

OPINION BY MR. JUSTICE LINN, January 11, 1937:

The legal plaintiff obtained judgment by confession against Samuel Melnick, his wife, Helen Melnick, and William Rabinowitz, May 13, 1929. Two days later attachment execution issued; the writ was returned N. H. as to the three defendants, and served on Joseph Binenstock, garnishee. On June 1, 1931, the judgment was marked to the use of Samuel Melnick, one of the defendants.[1] On June 10, 1931, Melnick executed and

---

[1] These parties have been before this court in a number of proceedings; Binenstock, the garnishee, is Helen Melnick's father; Melnick and his wife are now divorced. She filed this peti-

delivered a release to Helen Melnick, discharging her of all liability arising out of a certain equity suit instituted by him against her in Common Pleas No. 5; the instrument then continued in these words: "I do further covenant that with relation to . . . the judgment [that on which the attachment execution issued] . . . marked to my use . . . neither I nor my heirs, executors, administrators and assigns, will proceed under said judgments against Helen B. Melnick, reserving, however, any rights to proceed under said judgments against any of the other defendants therein named. I do hereby further release Helen B. Melnick, from all other debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands, and all right and interest and all rights, interest and estates to which I, as her husband, may now or at any time in the future be entitled in her real, personal or other estate, or to which I would be entitled in the event of her death."

The next step recorded in the docket took place July 21, 1931, when the use-plaintiff Melnick issued interrogatories to the garnishee, who answered and pleaded nulla bona. On that issue the case was called for trial but went over.

In 1935, Helen Melnick, now Rosenbaum, took steps to assert her right under Melnick's agreement of June 10, 1931, as related to this execution. She brought the matter to the attention of the court by a petition for a rule on Melnick to show cause why the attachment execution should not be dissolved on the ground that Melnick had agreed not to proceed against her; copies of agreements relied on, and also the interrogatories and answers of the garnishee, were attached to her petition. A rule was granted. Melnick answered with procedural objections but made no denial of his con-

---

tion as Helen Rosenbaum. In the opinion filed below, the learned president judge said that the use-plaintiff's position was perhaps taken "only to prolong the case and harass the defendant."

tracts. The learned court below made the rule absolute. It is this order of which Melnick now complains.

As he agreed not to proceed on this judgment against his former wife, it is difficult to find any reason—none of substance has been suggested on his behalf—why he should not be restrained from proceeding with the execution against her. The effect of the order is to restrain or stay the execution; the name given by petitioner to describe the relief sought is not as significant as its legal effect. Stay of execution is common: *Sinking Fund Commissioners of Philadelphia v. Philadelphia,* 324 Pa. 129, 188 A. 314; *Augustine v. Augustine,* 291 Pa. 15, 139 A. 585; *Lewis v. Linton,* 207 Pa. 320, 56 A. 874; *Taylor's Appeal,* 93 Pa. 21. That this execution is against property that can be reached only by attachment, pursuant to a statute (Act of June 16, 1836, P. L. 755) does not call for a different remedy; it is still an execution. *(Wray v. Tammany,* 13 Pa. 394; *Ellwanger v. Moore,* 206 Pa. 234, 55 A. 966) which, defendant shows, should be stayed. On the record as now presented, considered in relation to his former wife as defendant, Melnick stands in the position of use-plaintiff prosecuting an action by her against the garnishee, yet that is the right which he agreed he would not assert. The garnishment issued in 1929 was an orderly step in the execution; but, between the time it went out and before trial of the garnishment the rights and liabilities of the parties were changed by two of the three defendants. One of them became use-plaintiff, and, by agreeing not to proceed against the other in this execution, disqualified himself from proceeding with it against her. She is therefore entitled to the aid of the restraining arm of the court, for, if he broke his contract by going on with the execution, he would become answerable to her for the resulting breach: equity will prevent this circuity of action by now giving effect to the intention of the two parties to the contract. That there is another defendant, Rabinowitz, is

not material in the circumstances: compare *Burke v. Noble*, 48 Pa. 168, 175. Melnick's disability to go on with the execution against his former wife necessarily enures to the benefit of the garnishee in the execution, who is said to be indebted to her.

This is a clear case. No issue of fact is made by the answer. Instead of answering the petition fully the use-plaintiff filed what he called an answer "in the nature of preliminary objections to the petition of defendant . . ." We are not advised that the rules of the court below provide for any but a complete answer. Under Rule 78 [2] the undenied averments in the petition are admitted. See *Gliwa v. U. S. Steel Corp.*, 322 Pa. 225, 227, 185 A. 584. The admission left no issue to be tried. The question is one of law: what does the paper mean? The words are: ". . . neither I nor my heirs, executors, administrators and assigns, will proceed under said judgments against Helen B. Melnick, reserving, however, any rights to proceed under said judgments[3] against any of the other defendants[3] therein named." They do not reserve the right to proceed against the garnishee as one indebted to Helen Melnick; Melnick specifically agreed that he would not proceed. The execution of course remains against the defendant, Rabinowitz. As to him and the garnishment against Binenstock, the proceeding continues as if Helen Melnick had never been a party: see *Burke v. Noble*, 48 Pa. 168, 174; *Bryant v. Bryant*, 295 Pa. 146, 155, 144 A. 904. The garnishee is not a defendant within the reservation, as appellant contends; the

---

[2] "All averments in petitions or affidavits on which rules or citations have been granted shall be taken as admitted for the purposes of the rule or citation, unless the opposite party shall deny the same in an answer under oath, to be filed in the cause, or aver that he has no knowledge, information or belief on the subject and requires proof of the same."

[3] The agreement referred to two pending suits, this one and another, which explains the use of the plural.

plural "defendants" was used because two different judgments were referred to in which attachments had issued. The garnishee is not a defendant named in the judgments and is therefore not a defendant "therein named."

The effect of the agreement now before us was not considered or decided in *Jos. Melnick B. & L. Ass'n v. Melnick, et al.*, 318 Pa. 120, 178 A. 144; that case dealt with the garnishee's status after delivering a check to defendant before service of the attachment, the check not having been paid by the drawee until after the writ was served.

We find no abuse of discretion in making the rule absolute. The order is affirmed, costs of the appeal to be paid by appellant; the record is remitted for further proceedings on the judgment against Rabinowitz.