Dissenting Opinion by
 

 Kenwokthey, J.:
 

 I would affirm the order sustaining the preliminary objections. If Melnick had claimed the right to share in Helen Melnick’s personal estate if she should predecease him, or had made any other similar claim, I would be compelled to bow to the authority of
 
 Moore v.
 
 
 *583
 
 Moore, 344 Pa. 324, 25 A. (2d) 130, and hold that the lower court had jurisdiction.
 
 [1]
 

 The majority opinion states: “Melnick averred at some length the injurious effects on his personal status and his personal and property rights occasioned by said colorable and unlawful Nevada decree ......” Let’s see what these averments were. He alleges that
 
 Ms
 
 right to transfer property, that
 
 Ms
 
 right to remarry, that
 
 Ms
 
 right to have legitimate children may be jeopardized. But what he asks the court for is a decree that he cannot freely transfer his property; that he cannot remarry; that he cannot have legitimate children. This proves to my mind that the whole business is the merest pretense. It is as if he were to come into court and say: “I have a piece of property; my wife claims she has no interest in it and that I can do with it as I please; I claim I cannot do with it as I please; therefore, I ask the court to decree that I cannot so as to end the controversy.” By no stretch of the imagination can I find an assertion by him of a status in which he claims a concrete interest and a denial by an adversary party who also asserts a concrete interest therein. In my opinion, it is sham intended to cover up the real purpose of the action, which is to embarrass, harass and annoy defendants.
 

 As the majority opinion indicates, we cannot restore harmony by bringing the Melnicks happily together again. If we could, it would be another matter. I deeply appreciate these indefinable rights involved in the marriage status. But to say that they are indefinable, in
 
 *584
 
 my opinion, is the equivalent of saying they are not justiciable in a proceeding of this nature. And I think the Legislature has wisely put them out of reach by the use of the qualifying word “concrete.” Decrees in divorce and in proceedings to annul a marriage, of course, adjudicate matters of abstract status. It is their very nature to do so. But it does not, in my opinion, follow that a declaratory judgment may likewise do so. Again — although I may be merely repeating what I have already said in a different way — if Melnick had obtained the Reno divorce, the wife had refused to recognize it, he wanted to remarry and he sought an adjudication that the decree was
 
 valid
 
 in order to clear up his right to do so and dispose of his property by will in the event he should die first, the situation would be different.
 

 In my opinion the solemn pronouncement by a court that these parties are still married would have no more
 
 legal
 
 effect than the written opinion of Melnick’s lawyer. It would merely have a greater
 
 social
 
 effect. But the effect would be harmful to defendants without a corresponding real benefit to Melnick. I don’t believe it would have the effect of curing the alleged theoretical injury to him because of a Reno decree finding him guilty of cruelty. Here again, I think his injuries more pretended than real.
 

 I don’t think the broad general question whether courts of this Commonwealth have jurisdiction in a declaratory judgment proceeding to pass on the validity of a foreign divorce is involved. I have already indicated I think there may be cases in which the adjudication of that question would be proper. But I am unwilling to be deterred from declaring what I conceive to be the clear law of this case for fear it may become a precedent. I regard Melnick’s conduct in bringing this action as a close approach to malicious abuse of legal process and I find no justiciable controversy.
 

 [1]
 

 The explanation for his failure to so allege is probably indicated by
 
 Link B. & L. Ass’n to Use of Melnick v. Melnick et al.,
 
 325 Pa. 182, 189 A. 470, where a reference is made to a release which Melnick executed and delivered to Helen Melnick, releasing her from “all rights, interest and assets to which I, her husmand, may now or at any time in the future be entitled in her real, personal or other estate, or to which I would be entitled in the event of her death.”